## Windland v. Windland

C.P. of Adams County, no. 90-S-735.

*John Moran,* for plaintiff.
*Tracey M. Sheffer,* for defendant.

KUHN, *J.*, April 21, 1997—This action commenced on August 27, 1990, when plaintiff filed a no-fault divorce complaint. On November 14, 1991, she amended that complaint to add counts for indignities, equitable distribution, alimony pendente lite, and attorney's fees. On April 29, 1992, a divorce master was appointed upon plaintiff's request but on July 30, 1992, only nine days after defendant filed his affidavit of consent, plaintiff moved to vacate that master's appointment. That request was granted on September 9, 1992. The docket was then inactive until June 11, 1996, when defendant filed an answer to the amended complaint and also filed a counterclaim for a section 3301(d) divorce. Per order of November 21, 1996, plaintiff's alimony pendente lite claim, which had been continued since March 26, 1992, was dismissed.

On March 3, 1997, defendant filed a motion for non pros wherein he requested that plaintiff's claims for equitable distribution, counsel fees and costs be dismissed pursuant to Pa.R.C.P. 4019(c)(3). It appears that on December 20, 1996, pursuant to Pa.R.C.P. 1920.22(b), defendant sent written interrogatories to plaintiff at P.O. Box 413, East Berlin, PA 17316 by regular mail. Answers were not received by defendant until April 11, 1997.

Although styled a motion for non pros, a reading of the same clearly shows that defendant was seeking sanctions under the aforesaid rule for plaintiff's failure to respond. Pa.R.C.P. 4006(a)(2) requires that answers be filed within 30 days after service. Here, service was completed on December 20, 1996. Pa.R.C.P. 440(b).

The relief requested appears overly harsh. Delay has been the hallmark of this case. While no such courtesy is required, there is no evidence that defendant reminded plaintiff of the tardiness of her responses. Of course, plaintiff sought no extension. Nevertheless, responses have been received. The more appropriate sanction would be imposition of attorney fees related to the motion. Review of defendant's fee exhibit suggests an award of $150 to be reasonable.

Accordingly, the attached order is entered.

## ORDER

And now, April 21, 1997, in consideration of defendant's motion for non pros, it is directed that plaintiff pay defendant's attorney's fee of $150.